UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



SEKOU SHUTSHA,

                Plaintiff,

        -against-

NYPD SGT. CAO, NYPD SGT. RAYMOND
IP; NEW YORK CITY POLICE
DEPARTMENT,

                Defendants.

21-CV-2461 (CM)

ORDER TO AMEND

COLLEEN McMAHON, United States District Judge:

Plaintiff, currently detained in the Nassau County Correctional Facility on charges

unrelated to this action, brings this *pro se* complaint under 42 U.S.C. § 1983.[1] Plaintiff alleges

that in 2014, he was unlawfully searched at a Manhattan subway station.

By order dated March 22, 2021, the United States District Court for the Eastern District

of New York transferred this action to this Court under 28 U.S.C. § 1406. On the same day, this

Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma*

*pauperis*.[2]

For the reasons set forth below, the Court concludes that the complaint is untimely, but

grants Plaintiff leave to file an amended complaint within 30 days of the date of this order.

---

[1] According to public records of the New York State Unified Court System, Plaintiff is
currently detained on charges arising from arrests on September 23, 2019, April 20, 2020, and
April 21, 2020.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

2

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Sekou Shutsha alleges the following facts: On June 14, 2014, at approximately 1:40 a.m., Plaintiff was riding on a southbound "A" subway train that was pulling into the 59th Street-Columbus Circle Station in Manhattan. (ECF 1 at 3.) New York City Police Department (NYPD) Sergeant Ip "wrongfully searched" Plaintiff's luggage. (*Id.* at 4.) NYPD Sergeant Cao was present, but he did nothing to stop the unlawful search. (*Id.*)

Plaintiff faced unspecified criminal charges arising from this search, *People v. Shutsha*, Index 2869/2014. In January 2018, the criminal court granted Plaintiff's motion to suppress the evidence found in the June 2014 search, ruling that "there was a lack of exigency to search [Plaintiff's] bags." (*Id.*)

Plaintiff seeks damages for his "loss of freedom," injury to his reputation, and pain and suffering. He brings suit against the NYPD and the two NYPD sergeants involved in the search.

## DISCUSSION

### A.   Claims Against NYPD

Plaintiff's claims against the NYPD must be dismissed because, as an agency of the City of New York, the NYPD is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). Because the NYPD is not a proper

3

defendant, Plaintiff should not name the NYPD as a defendant if he chooses to file an amended complaint. Any claims against the NYPD must be brought against the City of New York.

The Court notes, however, that to state a claim against a municipality such as the City of New York under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). Plaintiff's complaint does not allege any facts suggesting that a policy of the City of New York caused a violation of his rights.

**B.    Timeliness**

Plaintiff's Fourth Amendment claim appears to be time-barred. The statute of limitations for § 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions," *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5).

Federal law governs the determination of when a claim accrues, *Kronisch v. United States*, 150 F.3d 112, 123 (2d Cir. 1998), and under federal law, claims generally accrue when a

4

plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted).

The facts alleged in the complaint indicate that Plaintiff's § 1983 claim that Defendants searched his luggage in violation of his Fourth Amendment rights accrued on June 14, 2014, when he was searched. *See, e.g., Mallard v. Potenza*, No. 94-CV-0223 (CBA), 2007 WL 4198246, at *5 (E.D.N.Y. Nov. 21, 2007) ("[A] claim for an illegal search accrues when the property is taken (so long as the plaintiff knows or has reason to know of the taking), because that is when the plaintiff's rights have been intruded upon and the time at which he has a complete and present cause of action."), *aff'd*, 376 Fed. App'x 132 (2d Cir. 2010).

The fact that the criminal court did not suppress the evidence in Plaintiff's criminal proceedings until 2018 does not change the accrual date of his claim. *See, e.g., Smith v. City of Rochester*, No. 16-CV-6097 (FPG), 2017 WL 85428, at *3 (W.D.N.Y. Jan. 10, 2017) (holding that plaintiff's Fourth Amendment claim accrued on the date he was searched rather than the date that his conviction was reversed). *See generally Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (holding that if plaintiff files any § 1983 "claim related to rulings that will likely be made in a

pending or anticipated criminal trial, it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended). Thus, when Plaintiff filed the complaint in December 2020, approximately six years had passed since the date when he was searched and his claim accrued.

Plaintiff's Fourth Amendment claim under § 1983 appears to be time-barred and subject to dismissal for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). But in an abundance of caution, the Court grants Plaintiff an opportunity to amend his complaint to plead facts showing that the limitations period should be equitably tolled. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). New York law also establishes by statute circumstances in which the limitations period may be tolled. *See, e.g.,* N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id.* at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity), *id.* at § 210 (death of plaintiff or defendant).

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims and plead facts regarding the timeliness of his complaint and equitable tolling of the limitations period. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit thirty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-2461 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed as untimely.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

      SO ORDERED.

Dated:   3/24/2021
        New York, New York

                                      COLLEEN McMAHON
                            Chief United States District Judge