UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEKOU SHUTSHA,

                         Plaintiff,

            -against-

NYPD SGT. CAO; NYPD SGT. RAYMOND
IP; CITY OF NEW YORK,

                         Defendants.

21-CV-2461 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, United States District Judge:

        Plaintiff, who is incarcerated at Nassau County Correctional Facility on charges unrelated

to the claims raised herein, is proceeding *pro se* and *in forma pauperis*. Plaintiff filed this

complaint under 42 U.S.C. § 1983, alleging that in 2014, Defendants illegally searched him, in

violation of his constitutional rights.

        By order dated March 24, 2021, the Court held that Plaintiff's claims appeared to be

untimely but granted Plaintiff leave to amend his complaint to plead any facts that could

establish equitable tolling of the limitations period. Plaintiff filed an amended complaint on April

22, 2021, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Sekou Shutsha alleges the following facts in his amended complaint: On June 14, 2014, at approximately 1:40 a.m., Plaintiff was riding on a southbound "A" subway train that was pulling into the 59th Street-Columbus Circle Station in Manhattan. (ECF 8 at 6.) He was "forced off the train, ordered to the ground, [and] handcuffed." (*Id.*) Police officers took

possession of Plaintiff's bag, which was approximately ten feet away from him. Sergeant Ip

"unlawfully searched" Plaintiff's bag, while Supervising Sergeant Cao stood by "in approval."

(*Id.*)

Plaintiff contends that "[a]s a direct result" of the unlawful search, he was convicted and

"served 3 ½ years from this search." (*Id.*) Plaintiff seeks damages for the "3 ½ years' loss of

freedom," as well as for injury to his reputation, and pain and suffering.

## DISCUSSION

As set forth in the Court's prior order, the statute of limitations for § 1983 claims is found

in the "general or residual [state] statute [of limitations] for personal injury actions," *Pearl v.

City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-

50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5).

Federal law governs the determination of when a claim accrues, *Kronisch v. United

States*, 150 F.3d 112, 123 (2d Cir. 1998), and under federal law, claims generally accrue when a

plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v.

Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Because the failure to file an action within the limitations period is an affirmative

defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v.

Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence

of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading.

*See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011)

("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain

circumstances where the facts supporting the statute of limitations defense are set forth in the

papers plaintiff himself submitted.") (internal quotation marks and citation omitted).

The facts alleged in the complaint indicate that Plaintiff's § 1983 claim that Defendants searched his luggage in violation of his Fourth Amendment rights accrued on June 14, 2014, when he was searched. *See, e.g., Mallard v. Potenza*, No. 94-CV-0223 (CBA), 2007 WL 4198246, at *5 (E.D.N.Y. Nov. 21, 2007) ("[A] claim for an illegal search accrues when the property is taken (so long as the plaintiff knows or has reason to know of the taking), because that is when the plaintiff's rights have been intruded upon and the time at which he has a complete and present cause of action."), *aff'd*, 376 Fed. App'x 132 (2d Cir. 2010).

A jury convicted Plaintiff of criminal possession of a weapon in the third degree, and by judgment entered June 10, 2015, he was sentenced as a second felony offender to a term of 3 ½ to 7 years. On direct appeal, the Appellate Division, First Department, held that Plaintiff had received ineffective assistance when his trial counsel failed to argue at the suppression hearing that there were no exigent circumstances justifying the warrantless search of his bag and remitted the matter to Supreme Court for a new suppression hearing. *See People v. Shutsha*, 151 A.D.3d 657 (1st Dept. June 29, 2017). Plaintiff alleged in his original complaint that in January 2018, on remand, the trial court granted his motion to suppress the evidence found in the June 2014 search, ruling that "there was a lack of exigency to search [Plaintiff's] bags." (ECF 1 at 4.)

Accrual of Plaintiff's § 1983 claim, however, was not delayed until 2018, when the criminal court suppressed the evidence in his criminal proceedings. *See, e.g., Smith v. City of Rochester*, No. 16-CV-6097 (FPG), 2017 WL 85428, at *3 (W.D.N.Y. Jan. 10, 2017) (holding that plaintiff's Fourth Amendment claim accrued on the date he was searched rather than the date that his conviction was reversed); *see also Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (holding that the statute of limitations for a claim for false arrest begins to run at the time the claimant becomes detained pursuant to legal process, rather than after "an anticipated future

conviction . . . occurs and is set aside"). Because Plaintiff's unlawful search claim accrued in 2014, when he was arrested and his bag was searched, rather than after he was convicted and his conviction was set aside, Plaintiff's § 1983 claim was time-barred when he filed the original complaint in this action in December 2020.

In the March 24, 2021 order to amend, the Court directed Plaintiff to amend his complaint to plead any facts that could establish equitable tolling of the limitations period. In his amended complaint, Plaintiff alleges that between June 2014 and July 2015, while at Rikers Island, he was prescribed medication for chronic depression. (ECF 8 at 7.) He further alleges that beginning on November 17 of an unspecified year, until January 2019, he had "more mental health episodes" and was "taken to local hospital psyche units." (*Id.*) Plaintiff was recently "diagnosed with chronic bipolar disorder." (*Id.*)

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Plaintiff does not plead facts showing that he pursued his rights diligently and that some extraordinary circumstance stood in his way.

In addition to equitable tolling under federal law, New York law establishes by statute circumstances in which the limitations period may be tolled, including where a plaintiff is disabled by infancy or insanity, N.Y. C.P.L.R. § 208. Under New York law, psychiatric hospital patients are not entitled to per se tolling of the statute of limitations due to insanity. *Joseph S. v. Hogan*, 561 F. Supp. 2d 280 (E.D.N.Y. 2008); *see also Eisenbach v. Metropolitan Transp. Auth.*, 62 N.Y.2d 973 (1984) (concluding that being hospitalized and treated with medication to the

point of being rendered generally confused, disoriented, and unable to effectively attend to one's affairs did not amount to "insanity" within meaning of § 208).

Moreover, mental illness, on its own, is not sufficient to warrant equitable tolling. *See Gardner v. Wansart*, No. 05-CV-3351, 2006 WL 2742043, at *5 n.4 (S.D.N.Y. Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable to protect [his] legal rights because of an overall inability to function in society"); *McCarthy v. Volkswagen of Am., Inc.*, 55 N.Y.2d 543, 548 (1982) ("[T]he Legislature meant to extend the toll for insanity to only those individuals who are unable to protect their legal rights because of an over-all inability to function in society."); *Potter v. Zucker Hillside Hosp.*, 110 N.Y.S.3d 142 (2d Dept. 2019) (patient diagnosed with paranoid schizophrenia failed to establish that equitable tolling was warranted where he lived in situations where he could come and go as he pleased and was able to perform most normal activities).

Plaintiff's allegations that (1) between June 2014 and July 2015, he was treated with medication for chronic depression (ECF 8 at 7), (2) at some point prior to January 2019, he had "more mental health episodes" and was "taken to local hospital psyche units," and (3) he was recently diagnosed with bipolar disorder, are insufficient to plead that he was insane and entitled to tolling of the limitations period under § 208 during the relevant period. The Court is therefore unable to conclude that there is any basis for tolling the three-year statute of limitations for Plaintiff's § 1983 claim. Accordingly, the Court dismisses as time-barred Plaintiff's Fourth Amendment claim arising from his 2014 arrest. 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity

to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines, under 28 U.S.C. § 1367(c) to exercise supplemental jurisdiction over state law claims that Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 10, 2021
         New York, New York

                                   _____
                                        COLLEEN McMAHON
                                     United States District Judge